```
                   UNITED STATES DISTRICT COURT

                     DISTRICT OF CONNECTICUT
```

EDGARDO RODRIGUEZ

                                                        PRISONER
    v.                            CASE NO. 3:12-cv-1806(JBA)

MACDOUGALL WALKER C. I., ET AL.


## **INITIAL REVIEW ORDER**

The plaintiff is currently incarcerated at the Niantic Annex, in Niantic, Connecticut. He has filed a complaint *pro se* pursuant to 42 U.S.C. § 1983 against the MacDougall Walker Correctional Institution, Lieutenants Sharon and Burgous, Correctional Officers Sovia, Mack, Ruiz, Plushner, Holton and Doe and Nurse Jane Doe.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, see *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

    The plaintiff claims that on September 8, 2012, defendants Sharon, Sovia and Burgous forced him and another inmate to participate in a training exercise involving a simulated inmate altercation requiring a code response by correctional personnel. During the simulation, defendant Sharon ordered the plaintiff to fight with the other inmate and then a few minutes later he ordered the inmates to stand up against a wall to be handcuffed. After the handcuffs were applied, defendant Sharon deployed long bursts of pepper spray towards the plaintiff and into the room. At one point, the pepper spray canister became stuck in the on position. The plaintiff was unable to breath. An officer then dragged the plaintiff to another part of the room, defendant Mack put him in a cell and defendant Sovia removed his handcuffs.

Later, defendant Ruiz escorted the plaintiff to another cell, but was not seen by anyone from the medical department. The plaintiff passed out several times in his cell before defendant Mack escorted him to the medical department.

Nurse Jane Doe examined the plaintiff and told him he was fine, despite the fact that the plaintiff indicated that his shoulder hurt and his lungs felt tight. Nurse Jane Doe told the plaintiff that the Department of Correction uses inmates for training exercises on a regular basis.

The plaintiff experienced difficulty breathing and continued pain in his shoulder. A doctor subsequently examined the plaintiff, informed him that he had an asthma condition and prescribed an inhaler. The plaintiff's grievances and requests for information and reports regarding his medical records and the incident were denied or ignored. On October 24, 2012, the plaintiff was suddenly transferred to the Niantic Annex prison facility.

Plaintiff names MacDougall Walker Correctional Institution as a defendant. Pursuant to its review under 28 U.S.C. § 1915A, the claims against MacDougall Walker Correctional Institution are dismissed. Like other state agencies, the Department of Correction is not a person within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983).

Like the Department of Correction, a state correctional facility is not a person within the meaning of section 1983. *See Lovell v. Cayuga Correctional Facility*, No. 02-CV-6640L, 2004 WL 2202624, at *5 (W.D.N.Y. Sept. 29, 2004); *see also Whitley v. Westchester County*, No. 97 CIV. 0420(§), 1997 WL 659100 at *7 (S.D.N.Y. Oct. 22, 1997) ("A prison facility, such as the Westchester County Correctional Facility or Jail, is not a person within the meaning of § 1983."). The claims against MacDougall Walker Correctional Institution are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff seeks monetary damages and declaratory relief. The request for monetary damages against defendants Sharon, Burgous, Sovia, Mack, Ruiz, Plushner, Holton, John Doe and Jane Doe in their official capacities is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). All claims for monetary damages against defendants Sharon, Burgous, Sovia, Mack, Ruiz, Plushner, Holton, John Doe and Jane Doe in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Pursuant to its review under 28 U.S.C. § 1915A, the court

concludes that the case should proceed at this time as to the claims against defendants Sharon, Burgous, Sovia, Mack, Ruiz, Plushner, Holton, John Doe and Jane Doe for excessive force, failure to protect from harm and deliberate indifference to his safety and medical needs in violation of the Eighth Amendment. The case shall also proceed as to the state law claims asserted by the plaintiff. The complaint shall be served on these defendants in their individual capacities and in their official capacities to the extent that plaintiff seeks declaratory relief.

### ORDERS

The court enters the following orders:

(1) The claims against MacDougall Walker Correctional Institution are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and the claims against the remaining defendants in their official capacities for money damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The Eighth Amendment claims of excessive force, failure to protect from harm and deliberate indifference to the plaintiff's safety and medical needs as well as any state law claims shall proceed against defendants Lieutenants Sharon and Burgous, Correctional Officers Sovia, Mack, Ruiz, Plushner, Holton and John Doe and Nurse Jane Doe in their individual capacities and in their official capacities to the extent that plaintiff seeks declaratory relief.

(2) By February 7, 2013, the Pro Se

5

Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work address for all of the following defendants: Lieutenants Sharon, Burgous, Correctional Officers Sovia, Mack, Ruiz, Plushner and Holton and mail a waiver of service of process request packet, including the Complaint [Doc. No. 1], to each of these defendants in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of the waiver request.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and that defendant  shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  By February 7, 2013, the U.S. Marshals Service shall serve the summons, a copy of the Complaint [Doc. No. 1] and this Order on defendants Sharon, Burgous, Correctional Officers Sovia, Mack, Ruiz, Plushner and Holton in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(4)  The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint [Doc. No. 1] and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)  The Pro Se Prisoner Litigation Office shall send

written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6) Defendants shall file his or her response to the Complaint, either an answer or motion to dismiss on or before April 3, 2013. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by September 24, 2013. Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed by October 24, 2013.

(9) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) The plaintiff is hereby notified that the U.S. Marshal cannot serve the Complaint on either John Doe Correctional Officer or Nurse Jane until he identifies these defendants by name. The plaintiff will conduct discovery and file a notice identifying these defendants by name by May 24, 2013. If the plaintiff fails to file a notice within the time specified, the claims against the Jane and John Doe defendants will be dismissed without further

notice from the court pursuant to Rule 4(m), Fed. R. Civ. P. and the case will proceed only as to the claims against the remaining defendants.

SO ORDERED at New Haven, Connecticut this 23rd day of January, 2013.

/s/_____
JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE